UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60255-CIV-COHN/SNOW

RICHARD BECKER and
KAREN BECKER,

    Plaintiffs,

vs.

HARKEN, INC.,

    Defendant.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Reconsideration [DE 85]. The Court has carefully considered the Motion, Response [DE 86], Reply [DE 87], underlying record in this case, and is otherwise fully advised in the premises.

## I.  BACKGROUND

Plaintiff Richard Becker ("Plaintiff")[1] was injured on May 21, 2004 when a fiddle block, manufactured by Defendant Harken, Inc. ("Defendant"), failed during normal use on board Plaintiff's vessel.[2] (Resp., p. 1 [DE 60].) Plaintiff was performing maintenance on the mast of the sailboat when the block or the attached shackle allegedly failed,

---

[1] Unless otherwise noted, use of the word Plaintiff refers to Plaintiff Richard Becker, not Plaintiff Karen Becker. The term Plaintiffs refers to both Richard and Karen Becker.

[2] During oral argument on Defendant's Motion for Summary Judgment, Plaintiffs' counsel used the fiddle block as a demonstrative aid. The block essentially contains pulleys or sheaves which are used to raise and lower lines on the vessel. In this case, Plaintiffs' counsel explained that a shackle, or metal fastener, was attached to the fiddle block which in turn was connected to a cloth chair. A line was run through the pulley on the block and used to hoist Plaintiff, who was sitting on the chair, to the top of the mast of his sailboat.

causing him to fall to the deck below. (Id.; Amended Compl., ¶ 8 [DE 1].

Plaintiffs filed this case in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida on January 19, 2006 alleging the following three counts against Defendant[3]: 1) Negligence (Count I) alleged by Plaintiff Richard Becker; 2) Strict Liability - Products Liability (Count II) alleged by Plaintiff Richard Becker; and 3) Loss of Consortium/Loss of Services (Count III) alleged by Plaintiff Karen Becker.  Defendant removed the action under this Court's diversity jurisdiction on February 28, 2006. Defendant then filed a Motion for Summary Judgment alleging that the action was time-barred by Florida's statute of repose.  After hearing oral argument on the Motion, the Court granted Defendant's Motion [DE 82] and entered judgment on all counts in favor of Defendant on February 8, 2007 [DE 83].  Plaintiffs now move for reconsideration of the Order Granting Summary Judgment arguing that 1) the Court incorrectly applied Florida's statute of repose in light of the facts of this case; 2) the Court's erred in distinguishing Lambert v. Babcock & Wilcox, Co., 70 F. Supp. 2d 877 (S. D. Ind. 1999), and relying on Servicios-Expoarma, C.A. v. Industrial Maritime Carriers, Inc., 135 F.3d 984 (5th Cir. 1998); 3) as a matter of public policy, the Court's conclusions are improper; and 4) Wisconsin state law should apply to this case.

## II.  STANDARD FOR RECONSIDERATION

As a preliminary matter, the parties disagree on the standard which the Court should apply to the Motion for Reconsideration.  Plaintiffs contend that the Motion is governed by Federal Rule of Civil Procedure 59(e) which provides that a party may

---

[3] The initial case included Defendant Norvan Partnership who was voluntarily dismissed without prejudice on April 4, 2006 [DE 16].

2

move to alter or amend a judgment no later than 10 days after entry of judgment. There are three grounds which justify the filing of a motion for reconsideration under Rule 59(e): "1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice." Williams v. Cruise Ships Catering & Service Int'l, N.V., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004); Association For Disabled Americans, Inc. v. Amoco Oil Co., 211 F.R.D. 457, 477 (S.D. Fla. 2002); Reyher v. Equitable Life Assur. Soc., 900 F. Supp. 428, 430 (M.D. Fla. 1995). Defendant, on the other hand, argues that the instant Motion was filed more than 10 days after the entry of judgment and therefore falls under the ambit of Federal Rule of Civil Procedure 60. Rule 60 provides relief from final judgment for specific reasons delineated in the Rule. A Rule 60 remedy is "an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

In this case, final judgment was entered on February 8, 2007. The instant Motion was filed on February 23, 2007. Excluding holidays[4] and weekends when computing the 10 day time period in accordance with Federal Rule of Civil Procedure 6(a) and Local Rule 7.1.C.1(a), the Court finds that Plaintiffs' Motion was filed exactly 10 days after the entry of judgment. Therefore, the Court shall evaluate Plaintiffs' Motion pursuant to Rule 59(e). Since Plaintiffs have not argued a change in controlling law or the discovery of new evidence, the Court shall look solely to whether it should depart from the findings in its February 8, 2007 Order to correct clear error or prevent manifest injustice.

A motion for reconsideration is not intended to be a tool for relitigating what a court has already decided. Reyher, 900 F. Supp. at 430. Rather, it "must demonstrate

---

[4] Monday, February 19, 2007 was Washington's Birthday, a Court recognized holiday.

why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal quotations omitted). It is intended to remedy situations where the "'court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension . . . Such problems rarely arise and the motion to reconsider should be equally rare.'" Amoco, 211 F.R.D. at 477 (quoting Z.K. Marine, Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)).

### III.  ANALYSIS

### A.  Application of the Florida Statute of Repose

Plaintiffs first argue that the Court improperly applied Florida's statute of repose to this case. In its Order Granting Summary Judgment, the Court determined that Florida's statute of repose barred Plaintiffs' claims. Florida's statute of repose, Fla. Stat. § 95.031, serves as a bar to product liability actions or claims arising from personal injury caused by a product "if the harm was caused by exposure to or use of the product more than 12 years after delivery of the product to its first purchaser or lessee who was not engaged in the business of selling or leasing the product or of using the product as a component in the manufacture of another product." Fla. Stat. § 95.031(2)(b). The statute of repose further provides that

> Any product . . . which the manufacturer specifically warranted, through express representation or labeling, as having an expected useful life exceeding 10 years, . . . no action for products liability may be brought after the expected useful life of the product, or more than 12 years after delivery of the product to its first purchaser or lessee who was not engaged in the business of selling or leasing the product or of using the product as a component in the manufacture of another product, whichever is later.

Fla. Stat. § 95.031(2)(b)(2).

Plaintiffs contend that there are two flaws in the Court's Order Granting Summary

4

Judgment as it applies the statute of repose. First, Plaintiffs argue that there is an issue of fact as to exactly when the fiddle block was delivered. Relying on the deposition testimony of Peter Harken, President of Defendant Harken, Inc., it is clear that the block at issue was manufactured and placed into the stream of commerce some time before 1979 and that the boat on which the injury occurred was manufactured in 1973. (Harken Aff., pp. 83-85.) However, Plaintiffs argue that there is an issue of fact as to when the block was delivered "to its first purchaser or lessee who was not engaged in the business of selling or leasing the product or of using the product as a component in the manufacture of another product." In essence, Plaintiffs allege that when the boat containing the block was sold to its first boat owner is a material fact at issue which requires the denial of summary judgment. While it is possible that the boat was sold to its first boat owner less than 12 years ago, Plaintiffs did not raise this issue in either their response to the Motion for Summary Judgment or during oral argument. Plaintiffs cannot now, in hindsight, raise an argument which was available when their Response was filed and which was not properly placed before the Court at that time. The Court shall therefore not address the merits of this argument.

Second, Plaintiffs contend that the Court erred because the fiddle block at issue was likely sold with a warranty which did not contain time parameters. In light of this guarantee, Plaintiffs argue that under Florida's statute of repose, Fla. Stat. § 95.031(2)(b)(2), a claim for damages could be brought at any time since the product's expected useful life was essentially limitless. Although not mentioned in the pleadings, this issue was alluded to by Plaintiffs' counsel during oral argument on the Motion for Summary Judgment and shall therefore be addressed herein.

An express warranty may be made in advertising and marketing materials. Manheim v. Ford Motor Co., 201 So. 2d 440, 443 (Fla. 1967) (citing Fort Motor Co. v.

5

Lonon, 398 S.W.2d 240, 244 (Tenn. 1966)).  In this case, the parties agree that the fiddle block at issue was most likely manufactured in 1972 or sold under the auspices of the Defendant's 1972 product catalog.  Page one of Defendant's 1972 product catalog states as follows: "The following pages show and describe the fifty-one variations of Harken blocks and suggest some applications.  They also show what keeps Harken blocks in front: A whole series of new ideas . . . and <u>quality that is backed with a 100% unconditional guarantee</u>."  (Mot. [DE 85] Ex. C, Deposition of Peter Harken, Exh. 11 (emphasis added).)  Plaintiffs contend that this statement alters the product's expected useful life for purposes of the statute of repose.

After reconsideration, the Court finds that the statement contained in the 1972 catalog does not create a warranty unconstrained by time so as to usurp Florida's statue of repose.  Florida Statute § 95.031(2)(b)(2) states that a manufacturer's alteration of a product's expected useful life must be "<u>specifically</u> warranted, through <u>express</u> representation or labeling, as having an expected useful life exceeding 10 years." (emphasis added).  The quality guarantee contained in Defendant's 1972 catalog does not specifically nor expressly provide that the fiddle block will work forever.  Therefore, in light of the language of Florida's statute of repose, the Court finds that Defendant's "unconditional guarantee" does not serve to extend the time constraints in Florida's statute of repose.

### B.  Case Law Analysis

Plaintiffs next argue that the Court erred in its analysis and application of case law.  First, Plaintiffs allege that the Court improperly distinguished <u>Lambert v. Babcock & Wilcox, Co.</u>, 70 F. Supp. 2d 877 (S.D. Ind. 1999), from this case.  In <u>Lambert</u>, the court found that Indiana's statute of repose did not apply to a maritime action because the statute directly conflicted with the uniform maritime statute of limitations, 46 U.S.C. App.

6

§ 763a. Plaintiffs contend that Florida's statute of repose is similarly in direct conflict with § 763a. After reconsidering Plaintiffs' argument and comparing the Florida and Indiana statutes of repose, the Court finds that the language of Florida's statute of repose is clearly distinguishable from Indiana's statute of repose. Unlike Indiana's statute of repose, Florida's statute does not contain language which directly conflicts with the uniform maritime statute of limitations. It follows that the holding in <u>Lambert</u> does not govern the instant case and the Court finds no basis to reverse its prior decision.

Next, Plaintiffs allege that the Court's reliance on <u>Servicios-Expoarma, C.A. v. Industrial Maritime Carriers, Inc.</u>, 135 F.3d 984 (5th Cir. 1998), is misplaced since the statutory scheme addressed in <u>Servicios</u>, COGSA, does not relate to personal injury cases or § 763a. In deciding whether Florida's statute of repose applied to this case, an issue of first impression in this Circuit, the Court analogized the rationale followed by the court in <u>Servicios</u> to the instant case. Contrary to Plaintiffs' argument, the Court's reliance on <u>Servicios</u> was extremely limited and functioned solely to show that the Fifth Circuit found that COGSA, which functions as a type of statute of repose, was able to co-exist with § 763a. The Court analogized this holding to the instant case in that Florida's statute of repose is distinguishable from and can co-exist with § 763a. Upon reconsideration, the Court finds no error in relating <u>Servicios</u> to this case.

### C.  Policy Considerations

Plaintiffs' Motion for Reconsideration contends that the Court erred in deviating from the maritime principle of uniformity. Upon reconsideration, the Court affirms this portion of its February 8, 2007 Order and finds that the policy concerns relevant to this case are best served by the application of Florida's statute of repose.

### D.  Choice of Law

Plaintiffs' final argument is that Wisconsin state law, which does not contain a statute of repose, should be applied to this case since Defendant is incorporated in Wisconsin and the fiddle block at issue was designed, manufactured, and distributed there.  Plaintiffs did not raise this issue in their Response to the Motion for Summary Judgment or during oral argument on the Motion.  The Court will therefore not consider this novel argument at this stage of the litigation.

### IV.  CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Reconsideration [DE 85] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 10th day of May, 2007.

JAMES I. COHN
United States District Judge

Copies to:

All counsel of record on CM/ECF